[Sac. No. 629.   Department Two.—June 16, 1902.]

## J. CHURCHILL, Respondent, v. MAVIANA ROSE, Appellant.

DIVERSION OF WATER—DAMAGES—FINDING AGAINST EVIDENCE.—In an action for damages for the diversion of the waters of a creek from the plaintiff's lands, where the evidence failed to show any diversion of the waters for a greater period than twelve days, and no estimate was given for the loss occasioned by the diversion for that period, and there is no evidence to show how much of a shortage in plaintiff's hay crop was due to the diversion, or how much was due to the natural failure of water for the season, there is no evidence from which the damages caused by the diversion can be estimated; and a finding that the diversion caused a damage of five hundred dollars is against the evidence.

ID.—INJUNCTION—WATER DEVELOPED FROM SPRING ON DEFENDANT'S LAND.—An injunction to restrain the diversion of any of the waters of the creek from the plaintiff's land is erroneous in including water developed from a spring situated on the defendant's land, by the

defendant's grantor, which increased the natural flow of the creek; and the defendant is entitled to divert the increased amount of water so developed.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion.

Warren & Taylor, for Appellant.

Gillis & Tapscott, for Respondent.

SMITH, C.—The plaintiff recovered judgment in the court below for the sum of one thousand dollars damages for the diversion of waters of Butte Creek from the plaintiff's lands; and for an injunction perpetually enjoining the defendant from diverting the waters of the creek from the creek or its tributaries. The defendant appeals from the judgment and from an order denying her motion for new trial.

The title of the plaintiff to the use of the waters of Butte Creek, to the extent of one thousand inches, is not disputed; and it is found that during each of the years 1898 and 1899—while there was less than that amount—the defendant diverted from the creek, and from a spring on the defendant's land tributary thereto, 165 inches of water measured under a four-inch pressure; and that the plaintiff's crops were thereby damaged to the extent of five hundred dollars in the year 1898, and to the like extent in the year 1899. It is claimed by the appellant,—1. That she was not concerned with the diversion of the water occurring in the year 1898, or with that occurring in the year 1899; 2. That the finding that the plaintiff was damaged in the sum of five hundred dollars for the year 1899 is not supported by the evidence; and 3. That the judgment was erroneous in so far as it enjoined the defendant from diverting the waters of a spring on her land.

1. With regard to the first point, the defendant, it appears, did not become the owner of the land upon which the water was diverted until May 3, 1899, and there was no evidence to connect her with the trespasses previously committed in the year 1898. With regard to the year 1899, the evidence shows

that the water was diverted by her agents in charge of her land, and for its benefit, which sufficiently supports the finding that the diversion was by her.

2. With regard to the damages, the evidence, we think, was insufficient to show that the plaintiff's crops were damaged in the year 1899 to the extent of five hundred dollars, as found, or in any other definite amount. The amount of water diverted (165 inches) is not disputed. The period of the diversion is not found, but it does not appear from the evidence that there was any diversion except from the twenty-eighth day of June to the tenth day of July,—the defendant's dam having been destroyed by the plaintiff at the latter date. The amount of water usually flowing in the stream is from one to two thousand inches, but it is alleged in the complaint that during the years 1898 and 1899 the flow of the water did not exceed from four hundred to six hundred inches; and from the evidence it appears that it was less than the former amount. As to the amount of the damage to the plaintiff's crops, the only testimony is that of the witness Martin, which is to the effect that there was a shortage in the plaintiff's hay crop of six hundred tons and a greater deficiency in the pasture; and he estimates the loss at $6.50 per ton and one thousand dollars for the loss of pasture. But there is nothing to show how much of this loss was due to the defendant's diversion or how much to the natural failure of the water. He further testifies that for the diversion of the water for the whole irrigating season he would estimate the loss at $6.50 per inch of the water; and also that the diversion of the water through the months of June and July would be equivalent to its diversion through the whole season. But the actual diversion, so far as shown, was from the twenty-eighth day of June to the tenth day of July only, and no estimate is given for the loss occasioned by the diversion for that period. There is therefore no evidence in the case from which the damages can be estimated.

3. With regard to the spring on defendant's land, the court finds that it was tributary to the creek, and the evidence being conflicting on this point the finding cannot be disturbed. But it appears from the uncontradicted testimony of several witnesses that the spring was dug out by the predecessor of the defendant, and the flow of the water therefrom thereby increased to threefold its original flow; and it is clear that the

defendant is entitled to the increased amount of water thus developed. She is, however, enjoined from diverting any of this water, and in this respect the judgment must be held to be erroneous.

The respondent suggests that, in case the decision as to damages be against him, the judgment may be modified by striking therefrom so much thereof as relates to damages. But this would leave the judgment still open to the objection that the defendant is enjoined from diverting any of the waters of the spring on her land; and hence, unless the plaintiff be willing to consent to a modification of the judgment in this respect also, a new trial will be necessary.

We advise that the judgment be reversed and the cause remanded, with directions to the lower court to grant the defendant's motion for a new trial, unless the plaintiff, within thirty days from the filing of the *remittitur*, file in the lower court his written stipulation consenting to the entry of a modified judgment omitting the portion of the original judgment referring to damages and also that portion thereof that enjoins the defendant "from diverting any of the waters from the branches [of Butte Creek] from their natural channel, and from in any manner interfering with the natural flow thereof," and containing in lieu thereof the words "and from in any manner interfering with the natural flow thereof other than the flow from the spring referred to in the findings." But in case such stipulation be filed, the court is directed to deny the motion and to enter judgment according to the stipulation; and it is ordered that upon the filing of the stipulation and the entry of the judgment the order denying a new trial shall stand affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the lower court to grant the defendant's motion for a new trial, unless the plaintiff, within thirty days from the filing of the *remittitur*, file in the lower court his written stipulation consenting to the entry of a modified judgment omitting the portion of the original judgment referring to damages, and also that portion thereof that enjoins the defendant "from diverting any of the waters from the branches [of Butte

Creek] from their natural channel, and from in any manner interfering with the natural flow thereof,'' and containing in lieu thereof the words "and from in any manner interfering with the natural flow thereof other than the flow from the spring referred to in the findings.'' But in case such stipulation be filed the court is directed to deny the motion and to enter judgment according to the stipulation; and it is ordered that upon the filing of the stipulation and the entry of the judgment the order denying a new trial stands affirmed.

McFarland, J., Temple, J., Henshaw, J.